IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Denise Anne Cowart,<br><br>Plaintiff,<br><br>v.<br><br>Acting Commissioner of the Social Security Administration,<br><br>Defendant. | No. CV-17-03351-PHX-ESW<br><br>**ORDER** |

Pending before the Court is Denise Anne Cowart's ("Plaintiff") appeal of the Social Security Administration's ("Social Security") denial of her application for disability insurance benefits. The Court has jurisdiction to decide Plaintiff's appeal pursuant to 42 U.S.C. § 405(g). Under 42 U.S.C. § 405(g), the Court has the power to enter, based upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing. Both parties have consented to the exercise of U.S. Magistrate Judge jurisdiction. (Doc. 12).

After reviewing the Administrative Record ("A.R.") and the parties' briefing (Docs. 13, 18, 19), the Court finds that the Administrative Law Judge's ("ALJ") decision contains harmful legal error. For the reasons explained herein, the decision is reversed

and the case is remanded to the Commissioner of Social Security for an immediate award of benefits.

# I. LEGAL STANDARDS

## A. Disability Analysis: Five-Step Evaluation

The Social Security Act (the "Act") provides for disability insurance benefits to those who have contributed to the Social Security program and who suffer from a physical or mental disability. 42 U.S.C. § 423(a)(1). To be eligible for benefits based on an alleged disability, the claimant must show that he or she suffers from a medically determinable physical or mental impairment that prohibits him or her from engaging in any substantial gainful activity. 42 U.S.C. § 423(d)(1)(A). The claimant must also show that the impairment is expected to cause death or last for a continuous period of at least 12 months. *Id.*

To decide if a claimant is entitled to Social Security benefits, an ALJ conducts an analysis consisting of five questions, which are considered in sequential steps. 20 C.F.R. § 404.1520(a). The claimant has the burden of proof regarding the first four steps:[1]

> **Step One**: Is the claimant engaged in "substantial gainful activity"? If so, the analysis ends and disability benefits are denied. Otherwise, the ALJ proceeds to step two.
>
> **Step Two:** Does the claimant have a medically severe impairment or combination of impairments? A severe impairment is one which significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied at this step. Otherwise, the ALJ proceeds to step three.
>
> **Step Three:** Is the impairment equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity? 20

---

[1] *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).

C.F.R. § 404.1520(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is presumed to be disabling, the ALJ proceeds to the fourth step of the analysis.

**Step Four:** Does the impairment prevent the claimant from performing work which the claimant performed in the past? If not, the claimant is "not disabled" and disability benefits are denied without continuing the analysis. 20 C.F.R. § 404.1520(f). Otherwise, the ALJ proceeds to the last step.

If the analysis proceeds to the final question, the burden of proof shifts to the Commissioner:[2]

**Step Five:** Can the claimant perform other work in the national economy in light of his or her age, education, and work experience? The claimant is entitled to disability benefits only if he or she is unable to perform other work. 20 C.F.R. § 404.1520(g). Social Security is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's residual functional capacity, age, education, and work experience. *Id*.

### B. Standard of Review Applicable to ALJ's Determination

The Court must affirm an ALJ's decision if it is supported by substantial evidence and is based on correct legal standards. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012); *Marcia v. Sullivan*, 900 F.2d 172, 174 (9th Cir. 1990). "Substantial evidence" is less than a preponderance, but more than a "mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*.

In determining whether substantial evidence supports the ALJ's decision, the Court considers the record as a whole, weighing both the evidence that supports and

---

[2] *Parra*, 481 F.3d at 746.

detracts from the ALJ's conclusions. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993). If there is sufficient evidence to support the ALJ's determination, the Court cannot substitute its own determination. *See Morgan v. Comm'r of the Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ, not the Court, is responsible for resolving conflicts and ambiguities in the evidence and determining credibility. *Magallanes*, 881 F.2d at 750; *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

Finally, the Court considers the harmless error doctrine when reviewing an ALJ's decision. An ALJ's decision need not be remanded or reversed if it is clear from the record that the error is "inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue,* 533 F.3d 1035, 1038 (9th Cir. 2008) (citations omitted); *Molina*, 674 F.3d at 1115 (an error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error "does not negate the validity of the ALJ's ultimate conclusion") (citations omitted).

## II. PLAINTIFF'S APPEAL

### A. Procedural Background

Plaintiff, who was born in 1956, has been employed as an office clerk, loan officer, credit analyst, customer service representative, and account specialist. (A.R. 94-95, 101). In 2013, Plaintiff filed an application for disability insurance benefits. (A.R. 204-05). Plaintiff's application alleged that on June 17, 2011, she became unable to work due to a number of impairments, including but not limited to fibromyalgia, headaches/migraines, irritable bowel syndrome, memory loss, and depression. (A.R. 101). Social Security denied the application on January 8, 2014. (A.R. 132-36). In July 2014, upon Plaintiff's request for reconsideration, Social Security affirmed the denial of

benefits. (A.R. 141-43). Plaintiff sought further review by an ALJ, who conducted a hearing in November 2015. (A.R. 51-99).

In a July 7, 2016 decision, the ALJ found that Plaintiff is not disabled within the meaning of the Social Security Act. (A.R. 18-29). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Social Security Commissioner. (A.R. 1-6). Plaintiff filed a Complaint (Doc. 1) requesting judicial review and reversal of the ALJ's decision.

**B. The ALJ's Application of the Five-Step Disability Analysis**

**1. Step One: Engagement in "Substantial Gainful Activity"**

The ALJ determined that Plaintiff has not engaged in substantial gainful activity since June 17, 2011, the alleged disability onset date. (A.R. 20). Neither party disputes this determination.

**2. Step Two: Presence of Medically Severe Impairment/Combination of Impairments**

The ALJ found that Plaintiff has the following severe impairments: fibromyalgia, tension headaches, and obesity. (A.R. 20). This determination is undisputed.

**3. Step Three: Presence of Listed Impairment(s)**

The ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the Social Security regulations. (A.R. 23). Neither party challenges the ALJ's determination at this step.

**4. Step Four: Capacity to Perform Past Relevant Work**

The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform the full range of sedentary work as defined in 20 C.F.R. § 404.1567(a). (A.R. 23). Based on the assessed RFC and the testimony of the Vocational Expert ("VE"), the ALJ concluded that Plaintiff is capable of performing her past relevant work as a loan officer, customer service representative, credit analyst, and account specialist. (A.R. 29). Plaintiff disputes this determination, asserting that the ALJ improperly weighed the

opinions of her treating physician and improperly discounted her testimony regarding her symptoms. (Doc. 13).

### 5. Step Five: Capacity to Perform Other Work

Given the conclusion at Step Four that Plaintiff could perform her past relevant work, the ALJ did not reach Step Five of the disability analysis.

## C. The ALJ Failed to Provide Valid Reasons for Discounting the Opinions of Treating Physician Joseph Nolan, M.D.

In weighing medical source opinions in Social Security cases, there are three categories of physicians: (i) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) non-examining physicians, who neither treat nor examine the claimant. *Lester*, 81 F.3d at 830. An ALJ must provide clear and convincing reasons that are supported by substantial evidence for rejecting the uncontradicted opinion of a treating or examining doctor. *Id.* at 830-31; *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). An ALJ cannot reject a treating or examining physician's opinion in favor of another physician's opinion without first providing specific and legitimate reasons that are supported by substantial evidence. *Bayliss*, 427 F.3d at 1216; 20 C.F.R. § 404.1527(c)(4) (an ALJ must consider whether an opinion is consistent with the record as a whole); *see also Batson*, 359 F.3d at 1195; *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tommasetti*, 533 F.3d at 1041 (finding it not improper for an ALJ to reject a treating physician's opinion that is inconsistent with the record).

In April 2014, Plaintiff's treating physician, Joseph Nolan, M.D., completed a "Medical Assessment of Claimant's Ability to Perform Work Related Physical Activities" (the "Medical Assessment"). (A.R. 495-97). Dr. Nolan opined that Plaintiff could occasionally lift and/or carry less than ten pounds, can stand and/or walk for a total of less than two hours in an eight-hour work day, can sit for four hours in an eight-hour work day, and must alternate between sitting and standing every fifty minutes. (A.R.

495). Dr. Nolan's opinions may not be discounted without specific and legitimate reasons supported by substantial evidence in the record.[3]

The ALJ gave Dr. Nolan's Medical Assessment little weight, concluding that "it is overly restrictive and not supported by the medical evidence. Dr. Nolan apparently relied quite heavily on the subjective report of symptoms and limitations provided by the claimant, and seemed to uncritically accept as true most, if not all, of what the claimant reported." (A.R. 25). The Court does not find that this is a specific and legitimate reason supported by substantial evidence for discounting Dr. Nolan's opinions. First, Dr. Nolan's treatment records do not indicate that Dr. Nolan was acting as Plaintiff's agent or was so sympathetic to Plaintiff as to impair his professional judgment. *See Haulot v. Astrue*, 290 F. App'x 53, 54 (9th Cir. 2008) (holding that an ALJ's statement that treating doctor was "sympathetic" to a claimant did not constitute substantial evidence for rejecting the doctor's diagnosis where the ALJ did not point to evidence that the doctor "was so sympathetic to [the claimant] as to impair his sound professional opinion, or was acting as [the claimant's] agent to aid him in collecting disability benefits"); *Lester v. Chater,* 81 F.3d 821, 832 (9th Cir. 1995) ("The purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them. An examining doctor's findings are entitled to no less weight when the examination is procured by the claimant than when it is obtained by the Commissioner."); *Ratto v. Secretary*, 839 F.Supp. 1415, 1426 (D. Or. 1993) ("The Secretary may not assume that doctors routinely lie in order to help their patients collect disability benefits.").

Second, the Medical Assessment states "Please base your assessment on your independent clinical judgment." (A.R. 495). There is no evidence in the record suggesting that Dr. Nolan relied on Plaintiff's subjective complaints, rather than on Dr.

---

[3] The specific and legitimate standard, not the clear and convincing standard, applies because Dr. Nolan's opinions are contradicted by other acceptable medical sources (A.R. 111, 472-78).

Nolan's own examinations, in completing the Medical Assessment. *See Ryan v. Commissioner of Social Security*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008) (reversing an ALJ's decision and ordering payment of benefits where the ALJ improperly rejected the opinion of the examining psychiatrist whose opinions were based on the psychiatrist's mental status examination).

The ALJ's final reason for discounting Dr. Nolan's opinions states that Dr. Nolan's "opinion is contradicted by helping care for her parents, the aunt, and grandchildren locally and in New Jersey, living independently and traveling across country independently. The limitations given would prevent her from doing that." (*Id.*). As explained below, this reason is not supported by substantial evidence in the record.

Plaintiff explained at the hearing that she recently traveled to New Jersey to visit her son, daughter-in-law, and two young grandchildren. (A.R. 75). Plaintiff testified that the flight was "miserable" because she "had to sit for so long" as turbulence prevented her from getting up from her seat to walk the aisle. (*Id.*). The ALJ asked "[W]hat were you like when you got there then?" (*Id.*). Plaintiff responded "I think I slept for two days." (*Id.*). Although Plaintiff stated she helped care for her five-month old grandchild while in New Jersey, she explained that the care did not consist of more than "feeding, changing the diaper and putting him back to bed." (A.R. 77). Similarly, Plaintiff explained that she recently helped care for her eleven-year old granddaughter and six-year old grandson who live in the Arizona, but she "was there just to more be a body in the house" as "both [grandchildren] are pretty self-sufficient." (A.R. 77-78).

Regarding Plaintiff's parents, Plaintiff explained that when her parents had bypass surgery on separate occasions, she "went over [to their house] about once a week and just spent the day with them, but it didn't consist of anything . . . ." (A.R. 78). "[D]isability claimants should not be penalized for attempting to lead normal lives in the face of their limitations." *Reddick*, 157 F.3d at 722. The ALJ's decision does not adequately explain how Plaintiff's daily activities translate to the ability to sustain competitive employment on a full-time basis. *See Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014) (stating

- 8 -

that the Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day"). The Court does not find that the ALJ's final reason for discounting Dr. Nolan's opinion is supported by substantial evidence.

For the above reasons, the Court finds that the ALJ discounted Dr. Nolan's opinions without providing specific and legitimate reasons that are supported by substantial evidence in the record. This error is harmful and alone requires remand.

### D. The Case Will Be Remanded for an Award of Benefits

Ninth Circuit jurisprudence "requires remand for further proceedings in all but the rarest cases." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 n.5 (9th Cir. 2014). The Ninth Circuit, however, has adopted a test to determine when a case should be remanded for payment of benefits in cases where an ALJ has improperly rejected claimant testimony or medical opinion evidence. *Id*. at 1100-01; *Garrison*, 759 F.3d at 1020. This test is commonly referred to as the "credit-as-true" rule, which consists of the following three factors:

1. Has the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion? *Treichler*, 775 F.3d at 1100-01.

2. Has the record been fully developed, are there outstanding issues that must be resolved before a disability determination can be made, or would further administrative proceedings be useful? *Id*. at 1101. To clarify this factor, the Ninth Circuit has stated that "[w]here there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Id*.

3. If the improperly discredited evidence were credited as true, would the ALJ be required to find the claimant disabled on remand? *Id*.; *Garrison*, 759 F.3d at 1020.

Where a claimant has failed to satisfy one of the factors of the credit-as-true rule, a court does not need to address the remaining factors. *Treichler*, 775 F.3d at 1107 (declining to address final step of the rule after determining that the claimant has failed to satisfy the second step). Moreover, even if all three factors are met, a court retains the discretion to remand a case for additional evidence or to award benefits. *Id*. at 1101-02. A court may remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1021. In *Treichler*, the Ninth Circuit noted that "[w]here an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency." 775 F.3d at 1105.

After examining the record, the Court finds no outstanding issues of fact to be resolved through further proceedings. At the administrative hearing, the VE testified that Plaintiff would not be able to maintain employment based on the limitations contained in Dr. Nolan's Medical Assessment. (A.R. 96). The Court finds that if Dr. Nolan's opinions were credited-as-true, the ALJ would be required to find that Plaintiff is disabled. The Court does not find any material evidence in the record that creates serious doubt that Plaintiff is in fact disabled. Therefore, based on the record, the Court finds it inappropriate to remand the case for further proceedings. *See Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication."); *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004) ("The Commissioner, having lost this appeal, should not have another opportunity to show that Moisa is not credible any more than Moisa, had he lost, should have an opportunity for remand and further proceedings to establish his credibility.") (citation omitted). The Court will remand the case for an immediate award of benefits effective June 17, 2011 (the disability onset date).

## III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** reversing the decision of the Commissioner of Social Security and remanding this case to the Commissioner for an immediate award of benefits effective June 17, 2011.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly.

Dated this 24th day of August, 2018.

Eileen S. Willett
United States Magistrate Judge